FILED
2010 Oct-19  PM 03:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

|  |  |  |  |
|---|---|---|---|
| DONNA J. LAUDERDALE., | ) | | |
| | ) | | |
| **Plaintiff,** | ) | | |
| | ) | | |
| **v.** | ) | **Civil Actio** | CV-10-AR-2822-S |
| | ) | | |
| **CHASE BANK USA, N.A.,** | ) | | |
| | ) | | |
| **Defendant.** | ) | | |

### PLAINTIFF'S COMPLAINT

This is an action brought by the Plaintiff, Donna J. Lauderdale., for actual and statutory damages, attorneys' fees, and costs for Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (hereinafter "FCRA") and for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"). Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of Alabama state law set forth herein.

### JURISDICTION AND VENUE

1. This Court has jurisdiction under 15 U.S.C. § 1681(p), 15 U.S.C. § 1692k, and 28 U.S.C. § 1331.

2. Jurisdiction of this Court for the pendent claims is authorized by F.R.Civ.P. 18(a).

3. Venue is proper in that the Defendant transacts business in Jefferson County, Alabama, and the Plaintiff resides in Jefferson County, Alabama.

### PARTIES

4. The Plaintiff, Donna J. Lauderdale (hereinafter "Lauderdale" or "Plaintiff"), is a resident and citizen of the State of Alabama, and is over the age of twenty-one (21) years. She is a resident of Birmingham in Jefferson County, Alabama.

5. Defendant, Chase Bank USA, N.A. (hereinafter "Chase" or "Defendant") whose correct corporate status is unknown to Plaintiff at this time, was at all times relevant herein conducting business in Jefferson County, Alabama.

## FACTS

6. The Defendant, upon information and belief, extended credit in the form of a credit card, account number of 4325150314411664, to an individual assuming Plaintiff's name and identity, without Plaintiff's knowledge and/or authority.

7. Plaintiff further avers she had no access to said monies and was unaware that these monies were borrowed under her name.

8. Upon information and belief, no payments have been made on the account since October 2008, therefore said account became delinquent and due.

9. As a result, said account is negatively reporting that Plaintiff is more than 180 days past due.

10. On or about October 7, 2009, Plaintiff received a collection letter from Hanna & Associates, P.C. referencing Chase Bank USA, N.A. and account number 4325150314411664. The letter further stated that this account had a balance of $24,523.72. Plaintiff avers that this was the first time she was made aware of said account and that monies were borrowed under her name.

11. Shortly after receiving the above referenced letter, Plaintiff began receiving phone calls from employees, agents and/or representatives of Defendant trying to collect on this account. Plaintiff explained that she was not responsible for this account and requested that the Defendant no longer contact her, however the calls continued.

12. On or about October 20, 2009, Plaintiff sent Hanna & Associates a letter denying any debt with Chase. She further informed Hanna & Associates that she never used Chase services, nor received any communications from Chase. She requested documentation from Chase supporting their contention that she was responsible for this account.

13. On or about November 30, 2009, Plaintiff received a response to her dispute from Defendant. Defendant informed Plaintiff that in researching her claim, they found documentation of conversations Plaintiff had with Chase regarding the account. The response further stated that if Plaintiff believed this information to be invalid please complete and send an "Affirmation of Fact" document and an investigator from the fraud department may contact Plaintiff.

14. Plaintiff avers that she has never had any conversations with Chase regarding the account, other than to dispute her responsibility related to the account. Therefore, Plaintiff signed and returned the "Affirmation of Fact" document. Plaintiff has yet to receive any communication from Chase's Fraud Department.

15. On or about December 7, 2009, Plaintiff received another collection letter this time from Ingram Law Offices, LLC which listed Chase Bank USA, N.A. as the

creditor and stated that the amount due was $24,523.72. The letter further stated that Plaintiff had thirty (30) days to dispute the validity of the debt.

16. On or about December 31, 2009, received an additional letter from Ingram Law Offices informing Plaintiff that by ignoring the December 7th correspondence Ingram Law Offices would recommend to Defendant to file a lawsuit immediately.

17. On or about January 4, 2010, Plaintiff sent a letter to Ingram Law Offices disputing the debt. The letter informed Ingram Law Offices that Plaintiff has previously disputed any debt with the Defendant and has requested Defendant to provide proof upon which they base their claim. Plaintiff further requested documentation from Ingram Law Offices that support any assertion that Defendant may have made regarding liability to them.

18. Plaintiff avers she has not received any documentation from the Defendant showing proof that she is responsible for the indebtedness Defendant claims. Further, Plaintiff has not received any type of status or correspondence related to the dispute she initiated when she forwarded Defendant the "Affirmation of Fact" document.

19. However, the Defendant continues to represent, to the national credit bureaus and other third parties that the Plaintiff is indebted to the Defendant, that the Plaintiff is past due on said account, and that Plaintiff has not made timely payments.

20. Such statements are false and were false at the time made in that the Plaintiff never authorized, opened or used said account, never was indebted to the

Defendant on said account, and never was late or past due on said account, because said account was not the responsibility of the Plaintiff..

21. Plaintiff has been damaged in that these false statements are being made to the national credit bureaus damaging Plaintiff's credit reputation, associating Plaintiff with a past due debt, and a debt that has a history of being past due.

22. As a result of the defamatory and inaccurate negative reporting and actions of the Defendant, Plaintiff has been caused to lose credit opportunities that would have reduced her financial obligations, to suffer mental anguish, physical sickness such as stress, nausea, lack of sleep and nervousness. Plaintiff further has been caused to incur time, trouble, aggravation and out of pocket expenses to attempt to correct her credit reports and clear her name from the inaccurate information related to these accounts.

**COUNT ONE**
**FAIR CREDIT REPORTING ACT**

23. Plaintiff adopts the averments and allegations of Paragraphs 1 through 22 above as if fully set forth herein.

24. The acts and omissions of the Defendant alleged herein are in violation of the FCRA which requires the Defendant to follow reasonable procedures to assure maximum possible accuracy of the information concerning the Plaintiff's credit files; and which requires the Defendant to conduct reasonable investigations of disputed information once consumers, such as Plaintiff, advise of a dispute.

25. The Plaintiff further alleges that the Defendant failed to conduct reasonable investigations into Plaintiff's disputes, failed to retract, delete and/or suppress erroneous, false, damaging, misleading, or inaccurate information from Plaintiff's credit file.

26. Despite the Plaintiff's disputes and in direct violation of FCRA, the Defendant failed to correct inaccurate, erroneous, and defamatory information on the Plaintiff's credit reports.

27. Defendant negligently and/or willfully failed to comply with the requirements of the FCRA.

28. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct an investigation after receiving notice that the Plaintiff disputed the information Defendant provided to the consumer reporting agencies.

29. Defendant violated 15 U.S.C. § 1681s-2(b) by failing to conduct an investigation as to the accuracy of the information reported by each consumer reporting agency.

30. Defendant violated 15 U.S.C. § 1681s-2(b)(2) by failing to complete all investigations, reviews, and reports required under § 1681s-2(b)(1) within thirty (30) days.

31. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(C) by reporting inaccurate, incomplete, false, and misleading results of the investigation, if any, to the consumer reporting agencies.

32. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(D) by failing to notify all consumer reporting agencies that the reporting of the accounts were inaccurate, incomplete, false and/or misleading.

33. As a result of the above mentioned conduct, Plaintiff suffered the damages set out in Paragraphs 21 and 22 above which are incorporated herein by reference.

34. Further, as a result of the willful and/or reckless disregard for the Plaintiff's rights, the Defendant is liable for punitive damages.

## COUNT TWO
## FAIR DEBT COLLECTIONS PRACTICES ACT

35. Plaintiff adopts the averments and allegations of Paragraphs 1 through 34 above as if fully set forth herein.

36. Defendant has engaged in collection activities and practices in violation of the FDCPA with respect to the Plaintiff.

37. Defendant violated § 1692c(a)(1) by contacting the Plaintiff at a time and/or place Defendant knew or should have known was inconvenient to the Plaintiff.

38. Defendant violated § 1692c(b) by communicating with a third party without the Plaintiff's consent.

39. Defendant violated § 1692c(c) by continuing to communicate with the Plaintiff after receiving notice that the Plaintiff did not owe and refused to pay the debt or requested that the Defendants cease all further communications.

40. Defendant violated § 1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff in the following ways:

    a. By using language the natural consequence of which is to abuse the hearer in violation of § 1692d(2).

    b. By repeatedly telephoning the Plaintiff with the intent to annoy, abuse, or harass the Plaintiff in an effort to coerce her into paying a debt in violation of § 1692d(5).

41. Defendant violated § 1692e(2)(A) by making false representations regarding the character, amount, and/or legal status of the alleged debt.

42. Defendant violated §1692e by recklessly, willfully, and/or intentionally making false and misleading representations to the Plaintiff. At the time Defendant made these representations to Plaintiff, Defendant knew, or should have known, that said representations were false.

43. Defendant falsely represented or implied that nonpayment of any deby would result in prosecution and/or court action when Defendant did not intend to take such action in violation of §1692e(4).

44. Defendant threatened to take action that could not legally be taken or which they did not intend to take in violation of §1692e(5).

45. Defendant additionally violated § 1692e(8) by communicating to a third person credit information which was known or which should have been known to be false and further failed to communicate that said debt was disputed.

46. Defendant used false representations and/or deceptive means to collect or attempt to collect a debt in violation of § 1692e(10) by reporting damaging and inaccurate information to credit bureaus.

47. Defendant violated § 1692f by using unfair and/or unconscionable means to attempt to collect a debt by reporting damaging and inaccurate information to credit bureaus in an attempt to coerce payment of a debt.

48. Plaintiff informed Defendant that she did not owe a debt to Defendant. Thereafter, Defendant failed to send Plaintiff a written notice containing the information required by 15 U.S.C. § 1692g(a)(3), (4) and (5).

49. Defendant violated § 1692g(b), by failing to cease collection of the debt, or any disputed portion thereof, after receiving written notification from the Plaintiff that the debt was disputed.

50. As a proximate result of the Defendant's actions in violation of the FDCPA, Plaintiff suffered the damages set out in Paragraphs 21 and 22 above which are incorporated herein by reference.

## COUNT THREE
## INVASION OF THE RIGHT OF PRIVACY

51. Plaintiff adopts the averments and allegations of Paragraphs 1 through 50 above as if fully set forth herein.

52. Defendant undertook and/or directed a series of communications to the home of the Plaintiff constituting an invasion of privacy, as set out and described in the common law of the State of Alabama.

53. Defendant intruded into the Plaintiff's physical solitude by making communications to the Plaintiff's home after repeated requests that the Defendant

no longer contact her and after being repeatedly informed that Plaintiff was not responsible for any monies owed to the Defendant.

54. Said communications were made in disregard for the Plaintiff's right to privacy.

55. Said communications and invasions were intentional, willful, and/or malicious, were systematic and continuous in number, and were made to force, coerce, harass, frighten, embarrass, and/or humiliate the Plaintiff into paying a debt she did not owe, nor was her responsibility.

56. As a proximate result of said invasion of the right of privacy, Defendant has caused the Plaintiff to suffer worry, shame, humiliation, loss of sleep, anxiety, nervousness, sickness, physical and mental suffering, pain, and/or anguish for which the Plaintiff seeks compensatory and punitive damages.

## COUNT FOUR
## PLACED IN A FALSE LIGHT

57. Plaintiff adopts the averments and allegations of Paragraphs 1 through 56 above as if fully set forth herein.

58. The Defendant created an account known as account number 4325150314411664 in the Plaintiff's name and reported such account as belonging to the Plaintiff.

59. Defendant held the Plaintiff up in a false light and made undesirable and negative character and credit reputation remarks on or about the Plaintiff by either speaking or writing undesirable and negative character and credit reputation remarks about the Plaintiff in the national credit reporting media and/or other third parties including collectors.

60. Said undesirable and negative character and credit reputation remarks were offensive, untrue and inaccurate, and alleged the Plaintiff was in debt to the Defendant, owed money to the Defendant, and/or had a bad debt with the Defendant.

61. Defendant knew or should have known that Plaintiff was not responsible for the accounts and disputed the account, and that Plaintiff asserted the account was a fraudulent account. The Defendants knew or should have known this at the times they published such untrue and negative information.

62. The conduct of the Defendant was objectionable to the Plaintiff and to any reasonable person. The Defendant's actions were willful, reckless, wanton, and/or made with malice and resulted in the Plaintiff being unreasonably placed in a false light.

63. As a proximate cause of the Defendant's conduct, the Plaintiff was caused to have negative credit reports, was subjected to collection calls and activities, and was made to suffer worry, public shame and humiliation, loss of sleep, anxiety, nervousness, sickness, physical and mental suffering, pain, fear, fright and/or anguish for which Plaintiff seeks compensatory and punitive damages.

## COUNT FIVE
## DEFAMATION: LIBEL AND SLANDER

64. Plaintiff adopts the averments and allegations of Paragraphs 1 through 63 above as if fully set forth herein.

65. Defendant willfully, wantonly, recklessly and/or maliciously published and communicated false and defamatory statements regarding the Plaintiff.

66. Said communications were false in that Plaintiff was not indebted to the Defendant, Plaintiff was not obligated to the Defendant, and Plaintiff did not have a bad debt and/or was not responsible for a bad debt.

67. Said false and defamatory statements were communicated to credit reporting agencies and/or other third parties.

68. At the time said communications were made, Defendant knew or should have known the falsity of the communication, or recklessly disregarded the potential inaccuracy of the information, yet knowingly, willfully and/or maliciously communicated the falsity to another person and/or entity.

69. Said false and defamatory statements have harmed the Plaintiff's credit reputation, subjected the Plaintiff to collection efforts by attorneys and/or collectors, and deterred third persons from associating with the Plaintiff.

70. Said communications were oral and/or written.

71. As a proximate consequence of said defamation, libel and slander, the Plaintiff was caused to have negative credit reports, was subjected to collection calls and activities, and was made to suffer worry, public shame and humiliation, loss of sleep, anxiety, nervousness, sickness, physical and mental suffering, pain, fear, fright and/or anguish for which Plaintiff seeks compensatory and punitive damages.

## COUNT SIX
## NEGLIGENT, RECKLESS AND/OR WANTON CONDUCT

72. Plaintiff adopts the averments and allegations of Paragraphs 1 through 71 above as if fully set forth herein.

73. Defendant negligently, recklessly, and/or wantonly extended credit to an individual, who fraudulently used the identity of the Plaintiff and allowed the theft and fraudulent use of Plaintiff's identity.

74. Defendant negligently, recklessly, and/or wantonly failed to properly investigate Plaintiff's dispute, that she was not responsible for the debt. By not properly investigating said dispute, Defendant negligently, recklessly and/or wantonly failed to remove Plaintiff's name in connection with the debt. This subjected Plaintiff to unnecessary credit collection and/or defamation.

75. Defendant negligently, recklessly and/or wantonly failed to adopt policies and procedures to govern its actions concerning the following:

   a. The thorough investigation and resolution of consumer claims that accounts were fraudulently opened in the consumer's name and/or that accounts were fraudulently used, and to limit any damage caused to the victims of such fraud.

   b. To make certain that the information disseminated to others (including the national credit bureaus and those credit grantors likely to use the information provided by those bureaus), is not false, neither libelous nor slanderous, and rises to the level of maximum accuracy.

      c. To prevent the extension or granting of credit to individuals who fraudulently use the identity of others.

76. Defendant negligently, recklessly, and/or wantonly failed to train its employees on its practices, policies and/or procedures concerning the following:

      a. The thorough investigation and resolution of consumer claims that accounts were fraudulently opened in the consumer's name and/or that accounts were fraudulently used, and to limit any damage caused to the victims of such fraud

      b. To make certain that the information disseminated to others (including the national credit bureaus and those credit grantors likely to use the information provided by those bureaus), is not false, neither libelous nor slanderous, and rises to the level of maximum accuracy.

      c. To prevent the extension or granting of credit to individuals who fraudulently use the identity of others.

77. As a result of Defendant's negligent, reckless and/or wanton conduct the following occurred:

      a. Unauthorized credit was extended in Plaintiff's name;

      b. Plaintiff's identity was stolen and used; and

      c. False, embarrassing, odious, misleading and negative information concerning the Plaintiff was disseminated to others (including the national credit bureaus and those credit grantors likely to use the information provided by those bureaus).

78. As a proximate consequence of said negligent, reckless, willful and/or wanton conduct, the Plaintiff was caused to have negative credit reports, was subjected to collection calls and activities, and was made to suffer worry, public shame and humiliation, loss of sleep, anxiety, nervousness, sickness, physical and mental suffering, pain, fear, fright and/or anguish for which Plaintiff seeks compensatory and punitive damages.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against the Defendant as follows:

A. Declaratory judgment that Defendant's conduct violated the FCRA;

B. Compensatory and punitive damages from the Defendant for their violations of the FCRA;

C. Actual damages from the Defendant pursuant to 15 U.S.C. § 1681n(a)(1)(A);

D. Costs and reasonable attorney's fees from the Defendant pursuant to § 1681n(a)(3);

E. Declaratory judgment that the Defendant's conduct violated the FDCPA;

F. Actual damages from the Defendant for their violations of the FDCPA;

G. Statutory damages from the Defendant pursuant to 15 U.S.C. § 1692k;

H. Costs and reasonable attorney's fees from the Defendant pursuant to 15 U.S.C. § 1692k;

I. Compensatory and punitive damages against each of the Defendant for the Plaintiff's State law claims in an amount to be determined by a jury.

J.  Such other and further legal and equitable relief as this Court may deem just and

proper.

Respectfully submitted before this court,

_____
Charles J. Lorant (ASB-6465-o76c)

_____
Vincent F. Saylor (ASB-7628-i65-s)
Attorneys for the Plaintiff


OF COUNSEL:
GATHINGS LAW
2100 Third Avenue North, Suite 900
Birmingham, Alabama 35203
Phone: 205-322-1201
Fax: 205-322-1202
clorant@gathingslaw.com
vsaylor@gathingslaw.com


**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL COUNTS**

_____
Of Counsel


**SERVE DEFENDANT VIA CERTIFIED MAIL:**

Chase Bank USA, N.A.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801